UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0743 PA (Ex) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Metal Jeans, Inc. v. Affliction Holdings, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants Affliction Holdings, LLC and The Buckle, Inc. (collectively, "Defendants") (Docket No. 23). Defendants challenge the sufficiency of the Complaint filed by plaintiff Metal Jeans, Inc. ("Plaintiff"). Plaintiff has filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for May 11, 2015, is vacated, and the matter taken off calendar.

**I.      Background**

Plaintiff is the registrant of the trademark METAL®, and has been selling clothing and accessories under the mark for over twenty years. The METAL® mark is "the subject of a federally registered trademark issued by the United States Patent and Trademark Office under registration number 4299652 and under serious number 77653054." (Compl. ¶ 12.) Plaintiff claims it has spent substantial time, effort, and money advertising and promoting the mark throughout the United States.

The Complaint alleges Defendants have sought to improperly capitalize on Plaintiff's "investment in the creation and positive reputation of the METAL® mark." (Compl. ¶ 14.) Specifically, Plaintiff claims Defendants manufacture and sell clothing under the names "Affliction American Metal," "Affliction Speed Metal," and "Affliction Metal Storm" (collectively, the "Affliction marks"). Plaintiff contends Defendants' marks are so similar to Plaintiff's that consumers who hear, read, or see them will instantly think of Plaintiff's METAL® mark. According to Plaintiff, the inclusion of the word "Affliction" does little to distinguish Defendants' marks from its mark. "Defendants chose to use the Affliction marks with the intent and purpose of trading off the goodwill that Plaintiff's mark enjoys." (Compl. ¶¶ 14-15.)

Plaintiff brings claims against Defendants for: (1) trademark infringement, 15 U.S.C. § 1114(1); (2) federal unfair competition, 15 U.S.C. § 1125(a); (3) false advertising, 15 U.S.C. 1125(a); (4) common and statutory law trademark infringement; and (5) unfair competition, Cal. Bus. & Prof. Code § 17200, et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0743 PA (Ex) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Metal Jeans, Inc. v. Affliction Holdings, LLC, et al. | | |

Now, Defendants move to dismiss the Complaint in its entirety under Fed. R. Civ. P. 12(b)(6), arguing Plaintiff cannot, as a matter of law, meet its burden to demonstrate a likelihood of confusion between its METAL® mark and the Affliction marks.

**II.     Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0743 PA (Ex) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Metal Jeans, Inc. v. Affliction Holdings, LLC, et al. | | |

**III.   Analysis**

To establish a claim for trademark infringement, Plaintiff must show (1) that it owns a protectable trademark; and (2) that Defendants used the trademark in a manner which created a likelihood of confusion. 15 U.S.C. §§ 1114(1), 1125(a); Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 969 (9th Cir. 2007). An action for false designation of origin and common law and statutory unfair competition also hinges on whether Defendants' use creates a likelihood of confusion. See M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1080 (9th Cir. 2005).

Defendants do not dispute that Plaintiff owns a valid, protectable trademark. However, Defendants claim statements Plaintiff made to the United States Patent and Trademark Office ("USPTO") in 2010 "bar a finding of likelihood of confusion, thus mandating the dismissal of the Complaint." (Motion at 17.)

   1.   Statements made to the USPTO

Defendants claim Plaintiff's application for trademark registration was initially denied in 2010 due to existing registrations by Under Armour, Inc. ("UA") for the word "Metal" in connection with UA's logo. (Motion at 13.) Defendants suggest Plaintiff obtained the METAL® mark only after arguing there was no likelihood of confusion between its mark and UA's marks. Plaintiff "took the position that there is no likelihood of consumer confusion between its products" bearing the METAL® mark and "other apparel bearing marks that incorporate the word metal with other identifiers." (Motion at 15.) Accordingly, Defendants argue Plaintiff's "own admissions foreclose" a claim of consumer confusion.

Plaintiff contends "a statement made by an applicant to the [USPTO] does not necessarily estop the applicant from later claiming the contrary." 6 McCarthy on Trademarks and Unfair Competition § 32:111 (4th ed.). Further, Plaintiff claims it only argued there was no likelihood of confusion in the concurrent uses of the METAL® mark and UA's marks and not, as Defendants suggest, with "any other apparel." (Opp. at 16.)

"Statements made during an ex parte prosecution before the United States Patent and Trademark Office seeking registration of a trademark do not circumscribe for all time the rights the registrant may acquire thereafter through extensive use." Polo Fashions, Inc. v. Extra Special Products, Inc., 451 F. Supp. 555, 561 (S.D.N.Y. 1978) (citing Goodyear Tire & Rubber Co. v. A. J. Industries Corp., 165 U.S.P.Q. 665 (T.T.A.B. 1970); Eskimo Pie Corp. v. Canada Dry Corp., Inc., 181 U.S.P.Q. 191 (T.T.A.B. 1973)). In Polo Fashions, the defendants argued the plaintiff admitted in its application to register the "POLO BY RALPH LAUREN" mark that its "distinctive POLO logo together with the words RALPH LAUREN would prevent confusion with a previously registered mark POLO used on woolen goods . . . ." Polo Fashions, 451 F. Supp. at 561. The defendants claimed this "admission" should have prevented the plaintiff from arguing consumer confusion against their use of the word "polo" in various marks. Id. The Court rejected this as "one of defendants' more specious arguments." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0743 PA (Ex) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Metal Jeans, Inc. v. Affliction Holdings, LLC, et al. | | |

      Here, Plaintiff's statements to the USPTO in 2010 cannot be viewed as an admission that there is no likelihood of confusion between Plaintiff's marks and all other consumer goods with marks using the word "metal." See id. Plaintiff claims its representations to the USPTO specifically concerned the UA marks. Defendants do not address this argument in their Reply. Nevertheless, Defendants reason Plaintiff's statements concerning the UA marks apply to all other apparel. Defendants' marks are not the same as the UA marks, Plaintiff addressed the UA marks specifically in its statements to the USPTO, and Plaintiff is not bound by its previous statements concerning those marks. Accordingly, Plaintiff is not foreclosed from alleging Defendants' use of the Affliction marks is likely to cause consumer confusion.

      2.      <u>Likelihood of confusion</u>

      Defendants also argue the Court should dismiss the Complaint because Plaintiff has not alleged any facts that could plausibly suggest a likelihood of confusion by the relevant consuming public.

      "The likelihood of confusion is the central element of trademark infringement." <u>GoTo.com, Inc. v. Walt Disney Co.</u>, 202 F.3d 1199, 1205 (9th Cir. 2000) (quoting <u>Official Airline Guides v. Goss</u>, 6 F.3d 1385, 1391 (9th Cir. 1993)). "If the court determines as a matter of law from the pleadings that the goods are unrelated and confusion is unlikely, the complaint should be dismissed." <u>Murray v. Cable Nat. Broad. Co.</u>, 86 F.3d 858, 860 (9th Cir. 1996), as amended (Aug. 6, 1996) (citing <u>Toho Co. v. Sears, Roebuck & Co.</u>, 645 F.2d 788, 790-791 (9th Cir. 1981)). Courts in the Ninth Circuit typically apply the eight factors set out in <u>AMF, Inc. v. Sleekcraft Boats</u>, 599 F.2d 341 (9th Cir. 1979) to determine whether a defendant's use of a mark or name creates a likelihood of confusion. See <u>Rearden LLC v. Rearden Commerce, Inc.</u>, 683 F.3d 1190, 1199 (9th Cir. 2012); <u>Lahoti v. Vericheck, Inc.</u>, 636 F.3d 501, 507 (9th Cir. 2011); <u>GoTo.com</u>, 202 F.3d at 1205. Those factors are: (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting its mark; and (8) likelihood of expansion into other markets. <u>Id.</u>; <u>Sleekcraft</u>, 599 F.2d at 348.

      The first factor slightly favors Plaintiff. Defendants argue widespread use by different companies of similar designs narrows the breadth of protection afforded to each mark. (Motion at 23.) Although Plaintiff might not be a household name, it alleges it has been selling clothing and accessories under its METAL® mark for more than twenty years. (Compl. ¶ 12.) Further, the Complaint alleges Plaintiff has "spent substantial time, effort, and money advertising and promoting the METAL® mark throughout the United States" and has developed goodwill in the mark. See e.g., <u>Urban Home, Inc. v. Cordillera Inv. Co., LLC</u>, No. CV 13-08502 GAF JEMX, 2014 WL 3704031, at *4 (C.D. Cal. June 19, 2014) (finding the first <u>Sleekcraft</u> factor favored plaintiff, in part because plaintiff indicated it had policed and protected its rights and interests in the mark and developed goodwill and recognition among its customers).

      The second factor – proximity, or relatedness, of the goods – also favors Plaintiff. Both Plaintiff and Defendants sell clothing. The third factor – similarity of the marks – also suggests a possibility of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0743 PA (Ex) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Metal Jeans, Inc. v. Affliction Holdings, LLC, et al. | | |

confusion. See Urban Home, 2014 WL 3704031, at *4 (finding plaintiff's mark "URBAN HOME" similar to defendant's use of "Urban Home," "Urban Leather," and "Urban Home and Office").

The fourth factor – evidence of actual confusion – weighs in favor of Plaintiff because it has alleged that customer confusion exists. (Compl. ¶¶ 12, 23, 45.); see Urban Home, 2014 WL 3704031, at *4 (determining fourth factor modestly favored Plaintiff on a motion to dismiss because it alleged existence of customer confusion).

The fifth factor – marketing channels used – remains uncertain at this stage in the proceedings. Few allegations have been made that would be pertinent to this factor.

The sixth factor concerns the type of goods and degree of care exercised by the purchaser. The reference point for this factor "is the typical buyer exercising ordinary caution." Sleekcraft, 599 F.2d at 353. As explained in Sleekcraft, this "standard includes the ignorant and the credulous." Id. "We expect" the typical buyer "to be more discerning—and less easily confused—when he is purchasing expensive items." Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1060 (9th Cir. 1999). "On the other hand, when dealing with inexpensive products, customers are likely to exercise less care, thus making confusion more likely." Id. At this early stage in the proceedings, the Court cannot determine the relative sophistication of the parties' consumers. See e.g., Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1038 (9th Cir. 2010) ("The parties vigorously contest the relative sophistication of the young women purchasing their products . . . the difficulty of trying to determine with any degree of confidence the level of sophistication of young women shopping at Victoria's Secret only confirms the need for this case to be heard by a jury.").

The Complaint alleges Defendants "chose to use the Affliction Marks with the intent and purpose of trading off of the goodwill that Plaintiff's METAL® trademark currently enjoys . . . ." (Compl. ¶ 15.) At this stage, the seventh factor – Defendants' intent in selecting the mark – favors Plaintiff.

The final factor – likelihood of expansion of the product lines – does not apply, because the parties offer the same type of products. "Where the goods offered by a mark-holder and alleged infringer 'are already related . . . this factor is irrelevant.'" Urban Home, 2014 WL 3704031, at *4 (quoting Playboy Enters., Inc. v. Netscape Commc'ns Corp., 354 F.3d 1020, 1029 (9th Cir. 2004)).

At a later stage, these factors might tip in Defendants' favor. However, taking the facts alleged in the Complaint to be true, the Court determines Plaintiff has adequately alleged consumer confusion. The question presented by a motion to dismiss is not whether Plaintiff will prevail in the action, but whether Plaintiff is entitled to offer evidence in support of its claim. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). The Court cannot conclude that there are no consumers to be confused. Kythera Biopharmaceuticals, Inc. v. Lithera, Inc., 998 F. Supp. 2d 890, 902 (C.D. Cal. 2014). Thus, Plaintiff has sufficiently and plausibly alleged its claims for trademark infringement, and Defendants' Motion to Dismiss is denied. See Robert C. Wian Enterprises v. Persinger, 229 F.2d 154, 154-55 (9th Cir. 1955) (reversing grant of dismissal even though there was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0743 PA (Ex) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Metal Jeans, Inc. v. Affliction Holdings, LLC, et al. | | |

little likelihood of confusion, because plaintiff succeeded in stating infringement claims and "upon a trial there may be some proof of confusion of source" that entitled plaintiff to relief); Urban Home, 2014 WL 3704031, at *4 (denying motion to dismiss because plaintiff, based solely on the pleadings, showed a likelihood of confusion).

### Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is denied. Defendants' Request for Judicial Notice is denied.[1] Plaintiff's evidentiary objections are denied.[2] Defendants' are to file their answer to the complaint no later than July 3, 2015.

IT IS SO ORDERED.

---

[1] Defendants' Request for Judicial Notice includes: (1) a photocopy of the USPTO "file wrapper" for the METAL® mark; (2) a photocopy of the USPTO "file wrapper" for the Affliction mark; (3) Under Armour Inc.'s Motion for Summary Judgment in "Topolewski America, Inc. v. Under Armour, Inc., Opposition No. 91169578"; and (4) the decision of the TTAB in "Topolewski America, Inc. v. Under Armour, Inc., Opposition No. 91169578." Because the Court did not rely on these documents in making its decision, Defendants' Request for Judicial Notice is denied.

[2] The Court did not rely on any of the evidence to which Plaintiff objected. Accordingly, Plaintiff's objections are overruled.